947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. SHORE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-2272.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 James R. Shore, a pro se Michigan resident, appeals a judgment of the United States Tax Court denying certain of his tax deductions for the years 1984 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Shore has been employed since 1982 as a free-lance automotive designer in the Detroit, Michigan metropolitan area. During this period, he owned a home in Belding, Michigan, a small community 150 miles west of Detroit. Beginning in 1984, Shore rented an apartment in the Detroit metropolitan area which he used during the week. Shore returned to his home in Belding on the weekends. In August 1989, Shore filed amended income tax returns for the years 1984 and 1985. He claimed a deduction of $11,508.00 for travel, entertainment and living expenses and a deduction of $3,508.70 for automobile expenses for the year 1984. For the year 1985, Shore claimed deductions of $11,088.00 for travel, entertainment and living expenses and a deduction of $3,700.00 for automobile expenses. In his original income tax returns, Shore claimed a deduction of $3,000.00 as rent for a home office for both 1984 and 1985. Subsequently, the Commissioner sent Shore a notice of deficiency disallowing the claimed deductions for travel and entertainment, automobile and home office expenses for both the 1984 and 1985 tax years. The deficiency notices also assessed penalties for negligence and substantial understatement of income tax liability for both 1984 and 1985. Shore filed a petition for review in the United States Tax Court. After a hearing, the Tax Court upheld the disallowance of the claimed deductions. Thereafter, Shore filed a timely motion for reconsideration in the tax court, which was denied. Shore has filed a timely appeal and requests the preparation of a transcript at government expense in his brief on appeal.
 
 
 4
 Upon review, we conclude that the tax court has properly interpreted and applied the governing statute, 26 U.S.C. § 6653(a)(1) & (2), and that the tax court's findings of fact are not clearly erroneous. See Commissioner v. Duberstein, 363 U.S. 278 (1960); Humana Inc. v. Commissioner, 881 F.2d 247, 251 (6th Cir.1989); Rose v. Commissioner, 868 F.2d 851, 853 (6th Cir.1989).
 
 
 5
 Accordingly, the request for a transcript at government expense is denied, and the tax court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation